UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FIRST AMERICAN TITLE INSURANCE COMPANY,

Plaintiff,

v.

LAUREN MASON,

Defendant.
______________________________/

Case No. 2:25-cv-11665

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER**
**GRANTING MOTION FOR DEFAULT JUDGMENT [27]**

Plaintiff moved for a default judgment after Defendant Lauren Mason did not participate in the litigation. ECF No. 27. Though Defendant Mason has not defended the action, she briefly appeared in the case. ECF Nos. 11, 13, 14; *see also* 10A *Wright & Miller's Federal Practice & Procedure* § 2686 (4th ed. 2026) ("[F]iling an answer obviously constitutes an appearance . . . ."). Accordingly, because Defendant made an appearance, she "must be served with written notice of the application at least 7 days before the hearing." Fed. R. Civ. P. 55(b). Plaintiff filed the motion for default judgment on April 23, 2026, and served Mason on the same day. *See* ECF No. 27-1, PageID.116. Mason thus received adequate notice under Rule 55(b).[1] For the following reasons, the Court will grant Plaintiff's motion and enter judgment.

[1] The seven-day requirement can be satisfied despite the fact that a hearing has not been scheduled. *See Nifty Home Prods. Inc. v. Ladynana US*, Nos. 23-1332, 23-2028, 2024 WL 4987245, at *2–*3 (6th Cir. 2024 Dec. 5, 2024) (explaining that the seven-day requirement is not tied to the existence of a hearing). Indeed, a hearing is not

I. Procedural History

Plaintiff First American Title Insurance Company sued Defendant Lauren Mason for fraud in June 2025. ECF No. 1, PageID.9–10. After Mason did not respond to the complaint, the clerk entered default against her in September 2025. ECF No. 7. Plaintiff promptly moved for a default judgment. ECF No. 10. But then Mason appeared pro se and attempted to defend the case, ECF Nos. 11, 13, 14. In light of Mason's participation, the Court set aside the Clerk's entry of default, ECF No. 15 and set a scheduling conference, ECF No. 16.

Mason, however, did not participate in the litigation after that. She did not participate in the joint discovery plan or appear for the scheduling conference. *See* ECF Nos. 17, 18. The Court ordered Mason to show cause "as to whether she intends to continue to defend the instant action and whether she will continue to represent herself." ECF No. 18, PageID.84. Mason did not respond.

After Mason's non-participation, Plaintiff again requested that the Clerk enter default as to Mason. ECF No. 22. The Clerk did so the same day. ECF No. 23. Plaintiff then made a request to the Clerk for an entry of default judgment. ECF No. 24. But the Court denied Plaintiff's request because after a party appeared in a case, the Clerk cannot enter default judgment; only the Court can. ECF No. 26. Plaintiff then

required at all under the rule. *Vesligaj v. Peterson*, 331 F. App'x 351, 354–355 (6th Cir. 2009) ("[Rule 55(b)(2)], by its terms, allows but does not require the district court to conduct an evidentiary hearing.").

promptly moved for default judgment and requested $110,655.19 with post-judgment interest. ECF No. 27, PageID.114.

While the motion for default was pending, Plaintiff moved to compel answers to discovery and deem as admitted requests for admissions. ECF Nos. 31, 34.

II. Factual Background

Plaintiff alleged that Mason was part of a fraudulent scheme related to a property ("the Property") at 16840 Fairfield, Detroit, Michigan. ECF No. 1, PageID.3. According to the complaint, a quit claim deed was prepared to transfer the Property from Mr. Aaron Pugh to "Michelle Jones" for $1. *Id.* The deed was notarized by Defendant Mason. *Id.* The owner of the property, however, did not know of Michelle Jones and did not execute or sign the deed in front of Mason. *Id.* Plaintiff, therefore, alleged that the quit claim deed to Michelle Jones that Mason notarized was fraudulent. *Id.*

From there, Plaintiff alleged that Michelle Jones quit claim deeded the property to former Defendant Timothy Portis for $1. *Id.*[2] Again, the deed was notarized by Mason and recorded. *Id.* Mason presented the deed to the Register of Deeds for recordation. *Id.* Plaintiff alleged that this deed was also fraudulent. *Id.* Portis then sold the property to Detroit REI, LLC, which paid $35,000 for the property in return for a warranty deed even though Portis did not have title to give. *Id.* at PageID.4. Detroit REI then sold the property to RV logistics for $110,000. *Id.* RV

[2] Defendant Portis was dismissed from the action pursuant to Fed. R. Civ. P. 41(a) after he passed away. ECF No. 20, PageID.90.

Logistics had a title policy with Plaintiff, and it insured RV Logistics for good and marketable title. *Id.* at PageID.5. Plaintiff honored its title policy and paid RV the $110,000 given that the title had failed. *Id.*

To recoup its loss, Plaintiff sued Mason for fraud. *Id.* at PageID.9–10. It alleged that she fraudulently notarized the deed from Mr. Pugh to Michelle Jones, and but for Mason's fraud, Plaintiff would not have been damaged by at least $110,000. *Id.* at PageID.10.

## LEGAL STANDARD

Default judgment is a two-step process. *See* Fed. R. Civ. P. 55. First, Rule 55(a) directs the clerk to enter default when a party "has failed to plead or otherwise defend." Once default is entered, courts treat a defendant as having admitted the complaint's well-pleaded allegations. *McIntyre v. Ogemaw Cnty. Bd. of Comm'rs*, No. 15-cv-12214, 2017 WL 1230477, at *2 (E.D. Mich. Apr. 4, 2017) (citing *Visioneering Constr. v. U.S. Fid. & Guar.*, 661 F.2d 119, 124 (6th Cir. 1981)). If the allegations, taken as true, "are sufficient to support a finding of liability as to each defendant," then "the Court should enter judgment." *Ford Motor Co. v. Cross*, 441 F. Supp. 2d 837, 848 (E.D. Mich. 2006).

Under Rule 55(b)(2), if a party has "appeared" in a case, it must receive at least seven days' notice before any hearing on a default judgment. Fed. R. Civ. P. 55(b)(2). After notice, if jurisdiction is proper and default judgment is appropriate, the Court will determine the amount and character of the recovery awarded. 10A *Wright & Miller's Federal Practice & Procedure* § 2688 (4th ed. 2026). Though the Court can

conduct hearings on damages, "[i]f defendant does not contest the amount prayed for in the complaint and the claim is for a sum certain or a sum that can be made certain by computation, the judgment generally will be entered for that amount without any further hearing." *Id.*; *see also* 10 *Moore's Federal Practice* § 55.32 (3d ed. 2026) ("A court does not abuse its discretion by failing to hold a hearing when the amount of damages is liquidated or can be made certain by computation based on the pleadings or information in the existing record. The court may render judgment on this basis.").

## DISCUSSION

### I. Default Judgment

Here, the requirements for a default judgment are met. The Clerk's entry of default was proper because Mason "failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). Outside of an attempt early in the litigation, Mason did not comply with any Court orders or participate in the litigation. Next, the Court has subject matter jurisdiction under 28 U.S.C. § 1332 because there is complete diversity between the Plaintiff, a Nebraska Corporation, and Mason, a Michigan resident, and the amount in controversy exceeds $75,000. ECF No. 1, PageID.1.

Finally, the allegations in the complaint support liability for a fraud claim. Under Michigan law, a plaintiff asserting a claim of common-law fraud must prove the following elements:

> (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

*Titan Ins. Co. v. Hyten*, 491 Mich. 547, 555 (2012).

Proof of the allegations would also support liability. Plaintiff notarized a false quit claim deed from Mr. Aaron Pugh to "Michelle Jones." ECF No. 1, PageID.9. The allegations support that Mason knew that the notarization was false because Mr. Pugh never heard of Michelle Jones and did not execute the deed nor sign it in front of Mason. *Id.* at PageID.3. The complaint alleged that Mason conspired with Portis to fraudulently convey the property and had the intent for it to be fraudulently transferred. *See id.* at PageID.9–10. Plaintiff acted upon the misrepresentation by issuing a policy and suffered injury as a result. *Id.* at PageID.5, 10. The allegations in the complaint, taken as true, state a claim for fraud.

Last, because the Court will close the case, it will deny the two pending discovery motions as moot.

II. Damages, Costs, and Interest

Plaintiff requested $110,000 in damages, $655.19 for the cost of service of process on Mason, the filing fee, fees to retrieve records from Wayne County Register of Deeds, and post-judgment interest. ECF No. 27, PageID.112–114. "[D]efault judgments do not establish damages." *New London Tobacco Mkt., Inc. v. Ky. Fuel Corp.*, 44 F.4th 393, 403 (6th Cir. 2022). And the Court need not accept as true the factual allegations relating to damages. *See id.* Rule 55(b)(2) provides that "to enter or effectuate judgment," the Court may hold a hearing to "conduct an accounting" or "determine the amount of damages." Rule 55(b)(2)(A)–(B).

A hearing is not required here because there is a "basis for the damages specified" in Plaintiff's motion for default judgment. *See Vesligaj v. Peterson*, 331 F. App'x 351, 354–55 (6th Cir. 2009) (quoting *Fustok v. ContoCommodity Servs., Inc.*, 873 F.2d 38, 40 (2d Cir. 1989)). The damages set forth in the complaint and in the record are straightforward. As an insurer, Plaintiff was obliged to cover RV Logistics, Inc.'s losses from the sale of the property in the amount of $110,000. ECF No. 1, PageID.6; ECF No. 24 (affidavit detailing damages and costs). The loss occurred because of Mason's fraud. *Id.* at PageID.10. At bottom, there is sufficient evidence in the record demonstrating the fraudulent deeds and Plaintiff's resulting loss. A hearing is therefore unnecessary.

Next, the Federal Rules of Civil Procedure generally provide that costs should be allowed to the prevailing party. Fed R. Civ. P. 54(d)(1). Costs, however, are not synonymous with expenses. 10 *Wright & Miller's Federal Practice & Procedure* § 2666 (4th ed. 2026). Rather, the Court looks to the definition of "taxable costs" provided in 28 U.S.C. § 1920. *See Goostree v. Tennessee*, 796 F.2d 854, 863 (6th Cir. 1986). The $655.19 in costs set forth by Plaintiff, *see* ECF No. 24, PageID.98, fall within "taxable costs" and will be included in the judgment. Last, the Court will award post-judgment interest pursuant to 28 U.S.C. § 1961(a).

**WHEREFORE**, it is hereby **ORDERED** that the motion for default judgment [27] is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motions to compel [31, 34] are

**DENIED AS MOOT**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 7, 2026